Alexander Del Giorno, J.
For the purpose of brevity, the court makes a part of this decision the findings of fact and conclusions of law submitted by the claimant and by the State of New York, adopting all of the findings marked “found” and rejecting -all those marked “refused”. The several requests to find and conclusions Of law marked ‘ ‘ refused except as found ” are so marked for the reasons that they are partly correct, and not wholly consistent with the conclusions arrived at by the court.
Briefly, this claim involves the appropriation of a portion of the land on which there was a gasoline service station. All the experts agreed that the highest and best available use for the claimant’s premises prior to the taking of the portion appropriated by the State were for a gasoline service station and automobile repair shop, for which use it had been rented for many years. The viewing of the property by the court established definitely that the claimant has remaining in land adjoining the service station building on the Boute 109 side, only a few feet. There is -a curbing which runs along the easterly side of Boute No. 109 and about parallel with the service building about 12 or 13 feet away from the building. The space in between the curb and the building, however, is for sidewalk use by the public. There are two pumps erected alongside of the building on the Boute 109 side, but in order to service automobiles with gasoline, it i-s necessary for an automobile to be driven over the sidewalk. It was established that this installation is contrary to the town zoning laws, and is now merely tolerated because of the condition in which the station was left by the appropriation. Upon the court’s inspection of the building, the court finds that these two pumps had been erected with the hope of continuing servicing automobiles passing along Boute No. 109, but such hope did not materialize because of the difficulties above mentioned, and those pumps are virtually useless. There is just one more island with three pumps thereon operating on the remaining land comprising the service station. Automobiles may enter conveniently upon the station only from Park Avenue which avenue joins with as Well as ends at Boute *831 109 ; and that is the only location where automobiles requiring gasoline may be serviced with any degree of convenience. It was testified to, and not contradicted, that the island which before the taking faced on Route 109 was the one which attracted and serviced the greater number of customers for the reason that the greater number of automobiles travelled along Route 109 which was described as a main cross-island highway.
The service building remains as it was but it faces Park Avenue. Park Avenue is an outlet to Route No. 109 and it serves generally only residents owning one and two-family houses along its area.
Undoubtedly, the claimant’s business was seriously affected because of the conditions existing after the appropriation.
The State filed its appropriation map and the description of the property to be taken in the office of the Clerk of Suffolk County on July 29, 1953, but it was testified by Mr. Muncy without contradiction, that he received a directive from the Department of Public Works on or about May 15,1953, advising him to remove the pumps from the right of way to be taken, and if not, the State would do so. Mr. Muncy well understood that the appropriation necessitated removal of the two islands then existing and thus he complied with the directive. He began such work about June 15, 1953 and finished the same in March of 1954. He testified that the work of demolishing the two islands and relocating the gasoline tanks with pipes and electrical work cost him $1,124.91.
The court holds that the tanks, piping and electrical connections were personal property attached to and embedded in the ground. The testimony indicates that these were owned by the claimant himself and not by his month to month tenant. The court further holds that the claimant is entitled to compensation therefor (Sinclair Refining Co. v. State of New York, 279 App. Div. 692). He removed the tanks to another location, re-established the concrete islands to which gasoline pumps could be attached and reinstalled the electrical connections and wiring and whatever piping was required. All this was necessary for the operation of the pumps as well as the station itself. Instead of allowing the tanks to be destroyed, the claimant removed them to the new pits within the same parcel of land. In the court’s opinion, this act was. in mitigation of damages against the State, for it permitted, the continued, if limited, operation of the station. The court thus finds that the sum of $1,124.91 expended by him for the relocation is a fair and reasonable item of damage for this particular phase of the claim, which is hereby allowed to the claimant.
*832 On the basis of the testimony, exhibits and his own viewing, the court decides that the value of claimant’s premises, including the land, building, and installations thereon before the appropriation, was $37,000; that after the taking the claimant’s premises were worth $17,000; that, therefore, the claimant sustained damages, direct and consequential, in the sum of $20,000. The court finds that the claimant is entitled to damages against the State in the total sum of $21,124.91, with interest thereon from July 29, 1953 to January 29, 1954, and from October 28, 1955 to the date of entry of judgment herein.
Let judgment be entered accordingly.