Alexander Del Giorno, J.
This is a claim by Kesbec, Inc., against the State of New York for the permanent appropriation by the State of certain trade fixtures and improvements (black top surfacing) owned by claimant and contained in and on certain real property located at 391 South Broadway, Tarrytown, New York. The plot, 67 feet by 164 feet, was used as a gas station and an automobile repair shop.
Prior to February 19, 1951, there had existed a lease of the premises between Gertrude G. Tompkins, as owner, and one William H. Veit, as lessee, which was to have expired on March 31, 1954. This lease is not in evidence.
On May 25, 1949, Veit entered into a so-called “ Equipment Lease ” with claimant whereby claimant installed in and on the premises pumps, hiboys, tanks, signs, reflectors and lights, in return for Veit’s purchase of oil products from the claimant. This equipment lease was approved by the owner Tompkins. On August 2, 1949, a similar “ Equipment Lease ” was entered into between the parties, under the terms of which claimant installed an underground gasoline tank, complete with piping. This equipment lease was not approved by the owner Tompkins.
These equipment leases provided, among other things, that: (1) title to the equipment should remain in Kesbec; (2) either party had the right to terminate the lease upon five days’ notice; (3) in the event the lessee, Veit, terminated the lease he was to pay a specified sum as reimbursement for the cost of installation and removal of the equipment; (4) upon termination of the lease, Kesbec could negotiate for a period of 30 days for the sale of the equipment to the owner of the premises, to the lessee or to any other supplier, or could enter the premises and remove the equipment and (5) the lessor, Kesbec, was not obligated to remove any underground equipment.
On February 19, 1951, the owner Tompkins, and the lessee Veit, entered into a lease of the premises which was by its *854 terms an extension of the pre-existing lease between the parties. This new lease was to run until March 31, 1974. This lease was silent as to the existing equipment leases between claimant and Veit. It did provide, however, that in the event the premises should be taken for public use, Veit’s lease was to expire and no part of any award was to belong to the tenant Veit.
The appropriation date was December 10, 1953.
The court has held previously (Muncy v. State of New York, 11 Misc 2d 829) that tanks, piping and electrical connections were personal property attached to and imbedded in the ground. In that case it was held that claimant was entitled to compensation for the expenses involved in the removal and relocation of the remainder of those items. (Sinclair Refining Co. v. State of New York, 279 App. Div. 692.) The court found, too, that the relocation of the removed equipment was in mitigation of damages against the State.
No less in this case does the court hold that the items of equipment involved were fixtures attached to the realty to which the owner of the realty might make a claim or to which the lessee of the parcel might be entitled by virtue of his lease with the owner. If the court had to consider only the question as to whether the items installed were fixtures, it would award the sum of $2,500 as representing the value of the items claimed on the date of appropriation.
It is clear, however, that the real question to be considered is whether the claimant Kesbec has a valid claim against the State for the equipment and black top surfacing. The court thinks not. At the trial, no evidence was adduced as to whether the owner Tompkins or the lessee Veit made any claim and if so, if there was any claim or consideration for the items now claimed by Kesbec. If such claims had been filed, there is no evidence as to what the determination thereof involved, or as to whether the equipment of Kesbec was included in such claims; if such claims had not been filed, claimant has failed to prove here that it had the right to remove any of the items of its claim without the prior consent of the owner.
There is no such privity indicated as between the owner Tompkins and the claimant as would confer upon claimant the right of recovery herein.
If there were before the court the claims of all the parties concerned in the premises, the court might have been in a position to determine the value of the realty as enhanced by the items of equipment attached thereto, and then to allocate to each party the value of his respective claim. (Matter of City of New York (Allen St.), 256 N. Y. 236; Tinnerholm *855 v. State of New York, 15 Misc 2d 311). Such is not the case here.
The State rested on claimant’s case and the claimant therefore has not shifted the burden resting upon it. The motion to dismiss made by the State at the conclution of the trial, upon which decision was reserved, is granted. The findings of fact and conclusions of law submitted by claimant have been passed upon by the court.
The claim is dismissed.
This memorandum constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.
Let judgment be entered accordingly.